IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
THE PERSIAN CARPET, INC.,        )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    1:09CV991
                                 )
L. & J.G. STICKLEY, INC.,        )
                                 )
          Defendant.             )
```

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court pursuant to Plaintiff's and Defendant's respective, separate Rule 26(f) Reports, filed pursuant to this Court's Local Rule 16.1(b). (Docket Entries 9, 10.) For the reasons that follow, the Court will adopt Plaintiff's Rule 26(f) Report and will deny Defendant's request for bifurcated discovery.

Plaintiff brought this action alleging copyright infringement by Defendant in violation of 17 U.S.C. §§ 501, et seq. (Docket Entry 1.) Specifically, Plaintiff contends that Defendant "has sold rugs having designs copied from and based on [two of Plaintiff's original rug] designs . . . [and] has caused [these infringing] rugs to be produced and disseminated to dealers and customers throughout the United States." (Docket Entry 1 at 3.)

"To establish infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Feist Publications v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991). "Plaintiff's ownership, in turn, breaks down into [a number of] constituent

parts . . . [including] originality in the author . . . ." 4-13 Nimmer on Copyright § 13.01[A] (Matthew Bender & Co., Inc. 2009).

In its Answer to Plaintiff's Complaint, Defendant "denied that Plaintiff is and at all times has been the owner of copyrights in [the rug designs referenced in Plaintiff's Complaint]." (Docket Entry 6 at 2.) Defendant also denied Plaintiff's allegations that rugs Defendant sold constituted copies of or were copied from rug designs that belonged to Plaintiff. (Id. at 3.) Finally, Defendant asserted three affirmative defenses: 1) statute of limitations; 2) laches; and 3) unclean hands. (Id. at 3-4.)

In their respective Rule 26(f) Reports, the parties agreed about all of the normal particulars of the discovery process, such as the case management track (with specified modifications thereto), the time frame for mediation, and deadlines for various pretrial actions; however, the parties reported one fundamental disagreement. Specifically, Defendant proposed the following departure from the normal pretrial framework:

> Following the Initial Pretrial Conference, the parties shall have sixty (60) days to engage in written discovery and depositions on the _exclusive issue of Plaintiff's ownership rights and interests in the copyrights and designs referenced in Plaintiff's Complaint_. Following that initial discovery period, the parties shall be allowed thirty (30) days to file any appropriate dispositive motions related to those ownership issues. If, following the Court's ruling on any such preliminary motions, there are remaining issues to be decided and further discovery is needed, the Court shall enter an Initial Pretrial Order that will control the conduct of the remaining litigation[.]

(Docket Entry 10 at 2 (emphasis added).)

-2-

In its Rule 26(f) Report, Plaintiff offered this statement in opposition to Defendant's proposed bifurcation plan:

> [Defendant]'s proposal, however, means that only [Defendant] will be engaging in and benefiting [sic] from discovery. That is, [Defendant]'s proposal means that discovery proceeds with only [Defendant] propounding interrogatories, document requests, and deposing [Plaintiff] or witnesses associated with [Plaintiff], while [Plaintiff] is left to answer discovery requests and defend depositions.
>
> [Defendant]'s proposal goes even further. After the initial discovery period, [Defendant] asks the Court to set aside a period of time for it to file dispositive motions on the ownership issue. This, of course, means that, during this motion period, [Plaintiff] is restricted to only responding to [Defendant]'s dispositive motions. . . .
>
> [I]t is fundamentally unfair to limit discovery to a single defense selected by a defendant. After all, [Plaintiff] has to prove copyright infringement and damages, and <u>is anxious to move forward with discovery that it will need to meet its burden of proof</u>.
>
> The unfairness of [Defendant]'s proposal is clear on its face. While [Defendant] is entitled to discovery on the ownership issue, there is no reason why this case should be treated any differently than any other copyright infringement case where both parties proceed simultaneously to engage in discovery needed to prove their claims and defenses.

(Docket Entry 9 at 3-4 (emphasis added).)

As provided by this Court's Local Rules,[1] because the parties disagreed on this issue, they appeared for an Initial Pretrial Conference. (Docket Entry dated March 18, 2010.) At that conference, the Court heard argument from counsel for both parties. During his argument, counsel for Defendant proffered that

---

[1] "If the parties are unable to reach agreement on a discovery plan and therefore submit separate Rule 26(f) Reports (LR 16.3), they shall appear for the scheduled initial pretrial conference." M.D.N.C. R. 16.1(c).

-3-

"evidence" uncovered by Defendant during its investigation of this case indicates that Plaintiff cannot establish the "originality in the author" sub-element of the "ownership" element of Plaintiff's copyright infringement claim. When the Court noted that Defendant had not provided any "evidence" to the Court in support of Defendant's bifurcation request, counsel for Defendant acknowledged that Defendant did not yet have information in a form that it could present to the Court as "evidence."

Further, in response to questioning from the Court, counsel for Defendant candidly (and, in the Court's view, appropriately) conceded that Plaintiff conceivably could suffer prejudice in the form of faded memories or other "lost" evidence, if Plaintiff were precluded from engaging in discovery on other matters (such as the "copying" element of Plaintiff's claim, Defendant's affirmative defenses, and damages) during the substantial period of time in which discovery would proceed solely on the "ownership" element, the parties would brief any "ownership" element-based dispositive motion by Defendant, and the Court would consider any such motion. Counsel for Defendant, however, maintained that any possible prejudice to Plaintiff was outweighed by the prejudice Defendant would suffer if it had to participate in discovery and otherwise litigate other liability and damages issues prior to a determination of what Defendant's counsel called the "threshold" issue of Plaintiff's ownership of a valid copyright in the rug designs in question.

Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding <u>any</u> nonprivileged matter that is relevant to <u>any</u> party's claim or defense . . . ." Fed. R. Civ. 26(b)(1) (emphasis added). Defendant asks this Court to overturn that default rule by restricting discovery to only one element of Plaintiff's claim. Neither in its Rule 26(f) Report, nor at the Initial Pretrial Conference has Defendant identified authority to support the view that the "ownership" element of a copyright infringement claim constitutes a "threshold" issue that would warrant the Court restricting discovery as Defendant proposes. The Court's own research similarly failed to unearth any authority indicating that this particular element of a copyright infringement claim enjoys a status unlike any element of any other claim. Further, although the plain language of Rule 26(b)(1) grants the Court discretion to limit the scope of discovery, the Court concludes that it should not exercise that discretion to focus all of the parties' and the Court's attention on one element of a claim to the exclusion of all other matters in the case, where, as here, the party seeking such action has made no evidentiary showing that it likely will prevail on that element.[2]

---

[2] Phrased another way, if Defendant had come forward with evidence that, on a date prior to Plaintiff's alleged creation of the rug designs at issue, a third-party had produced a rug bearing designs substantially similar to the designs Plaintiff claims to have created, the Court would have been more inclined to direct phased discovery of the sort Defendant seeks.

-5-

In addition, the Court finds that efficiency concerns also militate against Defendant's proposal. Specifically, at the Initial Pretrial Conference, counsel for Defendant stated that he did not know what witnesses Defendant would seek to depose in connection with its inquiry into the "ownership" element. In the absence of such information, the Court cannot determine whether any such witnesses also might have information relevant to the other element of Plaintiff's copyright infringement claim, Defendant's affirmative defenses, or damages. The prospect that witnesses might have to be deposed twice (i.e., first as to the "ownership" element and then again on all other issues if Defendant could not secure summary judgment based on the "ownership" element) weighs against Defendant's bifurcation plan.

As a final matter, the Court concludes that measures less drastic than the ones Defendant advocates are available to address many of Defendant's concerns. In this regard, at the Initial Pretrial Conference, the Court suggested that the parties could agree to prioritize discovery on the "ownership" element while still conducting some discovery on other issues in the case. As the Court noted on the record, this approach would require counsel for Plaintiff to cooperate with Defendant's reasonable requests to identify and to depose witnesses with knowledge of matters relevant to the "ownership" element early in the discovery period. Although the Court indicated on the record that it would consider incorporating formal language to that effect into a scheduling

order, counsel for the parties mutually agreed that they could accomplish such a "prioritization" approach informally.

If, as a result of this "prioritized" discovery, Defendant gathers evidence that it deems sufficient to warrant summary judgment in its favor on the "ownership" element, Defendant may file such motion immediately, rather than deferring such action until the close of the discovery period without prejudice to its right to file a further or supplemental summary judgment motion addressing other issues after completing all discovery.[3] At the Initial Pretrial Conference, Plaintiff's counsel disclaimed any objection to such an approach provided the Court afforded Plaintiff the same opportunity (which the Court will). Moreover, if and when it opts to file any such "early" summary judgment motion, Defendant may file a motion for expedited consideration of its summary judgment motion and/or a motion to stay further discovery pending disposition of its summary judgment motion. The availability of these options mitigates Defendant's exposure to unwarranted litigation costs related to issues beyond the "ownership" element.

For all the foregoing reasons,

**IT IS THEREFORE ORDERED** that Plaintiff's Rule 26(f) Report (Docket Entry 9) is APPROVED.

---

[3] During his argument at the Initial Pretrial Conference, Defendant's counsel identified uncertainty about whether Defendant could file a summary judgment motion during the discovery period as one of the principal forms of prejudice Defendant faced if the Court did not bifurcate the case.

-7-

**IT IS FURTHER ORDERED** that the request for bifurcated discovery and summary judgment briefing in Defendant's Rule 26(f) Report (Docket Entry 10) is DENIED.

**IT IS FURTHER ORDERED** that either party may file a summary judgment motion as to the "ownership" element of Plaintiff's copyright infringement claim at any time during the discovery period without prejudice to the right of such party to file a supplemental or additional summary judgment motion as to other issues at the close of discovery.

                                         /s/ L. Patrick Auld
                                              **L. Patrick Auld**
                              **United States Magistrate Judge**

March 19, 2010

-8-

Case 1:09-cv-00991-NCT-LPA   Document 11   Filed 03/19/10   Page 8 of 8